Morris E. Spector, J.
Motion under subdivision 4 of rule 106 uf the Buies of Civil Practice to dismiss the complaint as to defendant Pelican Island Development Corporation (hereinafter referred to as “ Pelican ”), on the ground that it fails to state facts sufficient to constitute a cause of action against defendant Pelican is granted and the complaint is dismissed as to said defendant with leave to plaintiffs to serve an amended complaint within 20 days of service upon them of this order.
Plaintiff’s allegations, insofar as they pertain to Pelican are that: Pelican is a Delaware corporation; Pelican was organized by defendant Allen & Company and defendant Wolf son prior to their causing it to enter into certain contracts; although the contracts were in the name of Pelican the work was actually performed by another corporation (of which plaintiffs are stockholders and which defendant Wolf son is alleged to control) through Pelican’s use of its “ funds, facilities, assets, personnel and other resources ” without adequate consideration; and that that corporation’s credit was extended to Pelican on terms unduly unfavorable to it and unduly favorable to Pelican and that Pelican owed the other corporation $1,465,898, as of February 28,1957, represented by notes payable only from funds accruing from the contracts and not reasonably required for working capital or other needs; the stock of Pelican was issued without any or without adequate consideration, 49% to Allen & Company and its associates and 51% to a third corporation organized and controlled by defendant Wolf son and persons or corporations associated with or controlled by defendant Wolf son.
Plaintiffs bring this action derivatively as stockholders of a corporation; in order for them to make out a cause of action they must allege a wrong by Pelican to their corporation. That the stock of Pelidan was issued without consideration is not a wrong to plaintiffs’ corporation. That Pelican obtained certain con *3 tracts through the efforts of Allen & Company and Wolf son is not a wrong by Pelican.
The cause of action, if any, must be spelled out of the allegations that Pelican used the resources of plaintiffs’ corporation without any or without adequate consideration. Plaintiffs concede that their corporation holds notes of Pelican in a substantial amount so that it may not be alleged that there was no consideration. As to the inadequacy of the consideration there is no allegation that any inadequacy was due to any fraud, duress, conspiracy, overreaching or other wrongdoing on the part of Pelican.
Whatever wrongful acts may have been committed by Wolf son, Allen & Company or the third corporation which received 51% of Pelican’s stock, there is no allegation that they, or anyone else acted wrongfully for or on behalf of Peliccm. In other words, the mere fact that Pelican may have been enriched does not mean that the enrichment was unjust.
Plaintiffs ’ further claim that even if Pelican has not committed any actionable wrong it is still a conditionally necessary party under section 193 of the Civil Practice Act to the action since if they are successful against the other defendants it will be necessary, in order to afford plaintiffs complete relief, to direct Pelican to cancel the shares issued to the individual defendants and issue new shares to their corporation. Even if plaintiffs were successful and Pelican still a party to the action this court would not direct the cancellation of shares held by any persons not parties to this action and, therefore, since the most plaintiffs concede they will demand in that regard is the cancellation of shares held by defendants to this action, a direction to such defendants to so convey their shares is all that will be necessary for plaintiffs’ adequate protection.